W. F. JONES v. STATE.

No. A-1586.   Opinion Filed March 8, 1913.

Appeal from Okfuskee County Court;

W. A. Huser, Judge.

W. F. Jones was convicted of a violation of the prohibition law and appeals. Affirmed.

Huddleston & Hockensmith, for plaintiff in error.

Chas. West, Atty. Gen., Smith C. Matson, Asst. Atty. Gen. and E. G. Spilman, Asst. Atty. Gen., for the State.

PER CURIAM. Plaintiff in error was convicted on an information charging him with the offense of unlawfully having in his possession certain intoxicating liquors with the intent on his part to violate provisions of the prohibition law, and was sentenced to serve a term of ninety days in the county jail and to pay a fine of three hundred dollars. An appeal was properly perfected.

The record shows that the defendant filed an application for transfer to the county court at Weleetka, which omitting the formal parts is as follows:

"W. F. Jones, the above named defendant, being duly sworn, upon his oath states that he resides nearer to the town of Weleetka in Okfuskee county than he does to the town of Okemah in Okfuskee county, Oklahoma. Wherefore he prays this honorable court to make an order transferring the above entitled cause pending against him to the county court of Okfuskee county held at Weleetka in Okfuskee county, Oklahoma. (Signed) W. F. Jones."

Acting on this affidavit the court made an order transferring the cause to Weleetka for trial, where the cause was tried.

The only error assigned that is argued in the brief is:  "That the action of the court in the impaneling of the jury and trying said cause in the town of Weleetka, Oklahoma is null and void."

And it is argued that the act providing for the holding of terms of the county court at Weleetka is unconstitutional; for the reason that the notice required by Art. 5, sec. 32 (94 Williams) of the Constitution was insufficient.

It was not until the defendant had been tried and convicted that he raised this objection. The cause was transferred on the defendants application and he will not be heard in this court on appeal to question the action of the trial court in granting his application.

It is our opinion that the appeal is wholly without merit. The judgment is therefore affirmed.